United States Court of Appeals,

Eleventh Circuit.

No. 95-4838

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Luis Manuel VASQUEZ, a.k.a. Luis Vasquez, Defendant-Appellant.

Sept. 9, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-6019-CR-WJZ, William J. Zloch, Judge.

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Appellant/defendant Luis Manuel Vasquez challenges his 48-month sentence for using a communication facility during a drug trafficking crime, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Specifically, Vasquez challenges the constitutionality of the federal crack cocaine (crack) penalties found in 21 U.S.C. § 841(b) and in U.S.S.G. § 2D1.1.[1]

Vasquez argues that because of ambiguity in the cocaine sentencing scheme, the rule of lenity should be applied in sentencing for offenses involving crack. This argument is foreclosed by this court's decision in *United States v. Sloan,* 97 F.3d 1378, 1380-83 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 2459, 138 L.Ed.2d 216 (1997).

Vasquez also argues that the sentencing disparity between crack and other forms of cocaine violates the Equal Protection Clause of the Fifth Amendment. He contends that *Sloan* does not control because *Sloan* rejected the rational basis challenge under the Guideline scheme as it existed before the November 1, 1993, amendment to § 2D1.1(c).[2]

---

[1]Vasquez's other arguments on appeal are without merit and warrant no discussion.

[2]The 1993 amendment added the following paragraph to U.S.S.G. § 2D1.1(c):

> "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine

The sentencing disparity at issue in *Sloan* (i.e. before the 1993 amendment) was between cocaine powder,[3] which was subject to one level of punishment, and all forms of cocaine base, including crack, which were subject to a higher level of punishment.[4] The 1993 amendment narrowed the application of the higher penalty to crack, leaving offenses involving cocaine base other than crack subject to the lower penalty provisions which before had applied only to cocaine powder. The difference between the instant case and *Sloan* is that the sentencing scheme has changed so that, after the 1993 amendment, forms of cocaine base other than crack are sentenced in the same manner as cocaine powder, under the lower penalty tier, and crack alone is subject to the higher penalty.

For the following reasons, we conclude that this difference between the instant case and *Sloan* is without legal significance. It is clear from the opinion in *Sloan* that the reason justifying the higher penalty was the concern that crack was more dangerous and thus warranted the higher penalty. 97 F.3d at 1382-84. *Sloan* held that the sentencing scheme was rational, even though it recognized that the higher penalty applied not only to crack but also to the broader class of all cocaine bases. *Id.* at 1382. By limiting the application of the higher penalty to crack alone, the 1993 amendment adjusted the penalty so that it more closely served the concern which warranted the higher penalty. We conclude that the Guideline scheme following the 1993 amendment is even more clearly rational than its predecessor. Therefore, we conclude that *Sloan* controls the resolution of the instant case.

For the foregoing reasons, Vasquez's sentence is affirmed.[5]

---

hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

[3]Cocaine powder is the popular name for cocaine hydrochloride. *Sloan,* 97 F.3d at 1381.

[4]The cocaine involved in *Sloan* was crack. 97 F.3d at 1380.

[5]Vasquez also argues that the district court erred in denying his motion to take judicial notice of *United States v. Davis,* 864 F.Supp. 1303 (N.D.Ga.1994), or to allow him to supplement the record by submitting a transcript from *Davis.* We reject this argument because such supplementation of the record would be futile. The court in *Sloan* had before it both the *Davis*

AFFIRMED.

---

opinion, and the transcript of the evidentiary hearing held in *Davis.* *Sloan,* 97 F.3d at 1381. Thus, supplementation of the record in this case could not produce an evidentiary record different from that in *Sloan,* which controls this case.